IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.**

**MAURICE SCOTT,**
**Defendant,**                              **No. 03 - CR - 30224 DRH**

===========================

**GREATER ST. LOUIS CONSTRUCTION**
**LABORERS' PENSION FUND,**
**Garnishee.**

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Maurice Scott's second motion to reduce garnishment (Doc. 33). Upon being sentenced on June 4, 2004, defendant Maurice Scott was initially ordered to pay a $200.00 special assessment and $24,885.38 in restitution. The restitution was to be paid at a rate of $100.00 a month or 10% of defendant's gross earnings, whichever was greater (Doc. 13). On October 31, 2006, the Court modified the conditions of defendant's supervised release, noting that he had failed to make his restitution payments since July 7, 2005 (Doc. 27). Following, the Government moved for an order of continuing garnishment, seeking payment of 25% of defendant's monthly retirement benefits until the restitution amount was paid

in full. Defendant was given the opportunity to request a hearing regarding the garnishment but did not request one. Therefore, the garnishee pension fund was ordered to pay 25% of defendant's monthly benefits to the Court (an amount of $263.00 per month) (Doc. 30).

Defendant later filed a motion to reduce garnishment (Doc. 31) seeking to reduce his restitution payments to the amount originally ordered—$100.00 per month or 10% of his total earnings, whichever was greater. In his motion, he claimed that the amount of monthly garnishments of his earnings were making it impossible for him to afford the basic cost of living and putting him behind on his rent and car payments. The Court found that good cause had been shown and granted the motion. The Garnishee, Greater St. Louis Construction Laborers' Pension Fund, was ordered to pay 10% of defendant's monthly retirement payments to the Government and to continue the payments until the debt to the Government had been paid in full (or until the Garnishee no longer has custody, possession, or control of any of defendant's property or until further order of the Court).

Defendant has now filed a second motion to reduce garnishment (Doc. 33). He says 10% is $286.00 per month to the U.S. Attorney, and that he has had to drop medical care because it would have been too much out of his check. The Government then sent a financial statement to defendant to find out his current financial situation (Doc. 36). The financial statement would allow the Government to determine defendant's ability to pay the court-ordered restitution. The Government has since filed a status report with the Court advising that defendant did not complete the

financial statement, even though he acknowledged by phone that he had received it (Doc. 39). Defendant was made aware of the deadline for the Government to file its status report with the Court.

The Court finds that defendant has not shown by competent evidence that he is entitled to a reduction in garnishment. He did not provide a sworn financial statement that verifies his current financial situation. Instead he has only made unverified allegations in the motion. Therefore, defendant's second motion to reduce garnishment (Doc. 33) is hereby **DENIED**. The previous garnishee order will remain in place (Doc. 32).

**IT IS SO ORDERED.**

Signed this 7th day of April, 2011.

David R. Herndon
2011.04.07
22:30:55 -05'00'

**Chief Judge**
**United States District Court**